IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TREVOR BOUTTE | § | |
| | § | CIVIL ACTION NO. 4:15CV575 |
| v. | § | CRIMINAL NO. 4:12CR249(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly Priest Johnson. The Report and Recommendation of the Magistrate Judge (the "Report") (Civ. Dkt. 7),[1] which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Report recommends that the court deny Boutte's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), dismiss the case with prejudice, and deny a certificate of appealability. Boutte has filed written Objections (Civ. Dkt. 8). Having made a *de novo* review of the Objections, the court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the court.

## I.   BACKGROUND

On October 12, 2012, the Drug Enforcement Agency ("DEA") was investigating a suspected drug conspiracy involving Boutte and a cooperating defendant ("CD"). *See* Crim. Dkt. 33 at 4. Working with DEA agents, the CD had arranged to meet Boutte at a restaurant in Plano, Texas, where Boutte and the CD would complete a transaction involving five (5) kilograms of

---

[1] When referencing the docket, the court will designate any reference to Civil Action No. 4:15CV575 as "Civ." and Criminal No. 4:12CR249(1) as "Crim."

cocaine. *See id.* At the restaurant, Boutte placed a bag containing $147,520.00 into the CD's vehicle. *See id.* After receiving the bag of money from Boutte, the CD told Boutte he would deliver the cocaine to Boutte's residence at a later time. *See id.* Shortly thereafter, the CD received a telephone call from Boutte asking about the status of the cocaine delivery. *See id.* Following this incident, DEA agents went to Boutte's residence and placed him under arrest. *See id.* DEA agents also executed a search warrant on the residence; agents seized $30,628.00 in cash, multiple firearms, and approximately 3.4 grams of cocaine from the home. *See id.*

On November 7, 2012, Boutte was charged by indictment with two counts. *See* Crim. Dkt. 15. Count One charged Boutte with participating in a conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See id.* at 1. The conspiracy was allegedly active for over six years, between January of 2006 and November of 2012. *See id.* Count Two charged Boutte with possession of firearms on or about October 11, 2012, in furtherance of the drug conspiracy described in Count One, in violation of 18 U.S.C. § 924(c). *See id.* at 2.

On January 24, 2013, Boutte entered guilty pleas as to both counts without a written plea agreement. *See* Crim. Dkt. 24. At the change of plea hearing, the Government informed Boutte of the charges against him, the elements of the charges, and the Government's burden to prove the elements beyond a reasonable doubt should he proceed to trial. *See* Crim. Dkt. 36 at 6-7. The court advised Boutte that the conspiracy charge carried a statutory penalty of not less than ten (10) years' and not more than life imprisonment and the firearm charge carried a statutory penalty of not less than five (5) years' and not more than life imprisonment. *See id.* at 7-8. The court further advised Boutte that any sentence imposed on the firearm charge would run consecutive to a sentence on the drug trafficking charge. *See* Civ. Dkt. 1-3 at 4; Crim. Dkt. 36 at 7-8. The court

engaged in a colloquy with Boutte to ensure he understood the meaning of "consecutive" in the context of his sentence:

> THE COURT: Now, do you understand that that particular count, I believe, is served consecutively? That means you'll be sentenced first on count one and then whatever sentence you receive on count one, you'll get a sentence on count two, and you'll have to serve count two after you serve count one?
>
> DEFENDANT BOUTTE: Yes, Sir.
>
> THE COURT: Okay. Very well. That's what consecutive means. All right.

*See* Crim. Dkt. 36 at 8. Boutte verbally acknowledged that he understood the elements of the charges and the applicable penalties. *See id.* at 8. He further represented to the court that he had thought about entering a guilty plea and decided of his own free will to enter a guilty plea, without regard to force, threats, or promises from anyone else. *See id.* at 9.

Notwithstanding his attestations at the change of plea hearing, on April 4, 2013, Boutte filed a Motion to Withdraw Guilty Plea as to the firearm charge on the grounds that the plea was unknowing and involuntary. *See* Crim. Dkt 32. At the hearing on the motion, Boutte asserted that, after reading the Presentence Investigation Report ("PSR"), he had come to believe the Government lacked a factual basis to prove the weapons recovered from his home had been used "in furtherance of" the drug trafficking crime, as required for conviction under 18 U.S.C. § 924(c). *See* Crim. Dkt. at 23-29. Boutte also stated he plead guilty on the firearm charge because he thought he "couldn't plead guilty just to one count, but . . . had to plead guilty to both of the counts." *See id.* 50 at 23. Boutte stated he came to this conclusion based on the advice of counsel. *See id.* However, Boutte's defense counsel testified that he never gave Boutte any such advice. *See id.* at 32-33. Ultimately, the court denied Boutte's Motion to Withdraw Guilty Plea. *See id.* at 35.

Thereafter, the court sentenced Boutte to the mandatory minimum sentence on both counts, to be served consecutively. *See* Crim. Dkt. 47. The court entered formal judgment on September 24, 2013. *Id.*

Boutte appealed and, on May 29, 2014, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. *See United States v. Boutte*, 569 F. App'x 311, 312 (5th Cir. 2014). Among other things, the Fifth Circuit held Boutte's guilty plea on the firearm charge was knowing and voluntary, and the trial court's denial of Boutte's motion to withdraw his guilty plea was not error. *See id.* at 312-13.

On August 21, 2015, Boutte filed the instant § 2255 motion, challenging his guilty plea on the firearm charge and his sentence. *See* Civ. Dkt. 1. Boutte argued: (1) his guilty plea on the firearm charge was not knowing and voluntary because he entered the plea without understanding a sentence imposed on the firearm charge would run consecutive to a sentence imposed for the drug conspiracy charge; (2) his trial counsel rendered ineffective assistance when advising him of the sentencing consequences of a guilty plea on the firearm charge; and (3) he was entitled to a safety-valve reduction to his sentence pursuant to Amendment 782 of the Sentencing Guidelines. The Magistrate Judge concluded each of Boutte's claims lacked merit and recommended that his § 2255 motion be denied. *See* Civ. Dkt. 7 at 8. Boutte now objects to the findings and conclusions of the Magistrate Judge. *See* Civ. Dkt. 8.

## II.  ANALYSIS

### A.  THE COURT ADOPTS THE MAGISTRATE JUDGE'S CONCLUSION THAT BOUTTE'S GUILTY PLEA WAS KNOWING AND VOLUNTARY

Boutte objects to the Magistrate Judge's conclusion that he failed to establish his claim that his guilty plea on the firearm charge was unknowing and involuntary. *See* Civ. Dkt. 8 at 1. Boutte argues the Magistrate Judge should have accorded greater weight to evidence that his defense

4

counsel did not properly explain that a sentence on the firearm charge would run consecutive to a sentence on the conspiracy until April 3, 2013, well after the change of plea hearing, when counsel met with Boutte to review the PSR. *See id.* at 5. Boutte cites evidence that counsel brought a printed copy of the text of 18 U.S.C. § 924 to the April 3, 2013, meeting; the printout had a date-stamp of April 2, 2013. *See id.* Based on this evidence, Boutte asserts, "[i]t is reasonable to conclude that had trial counsel done his job and explained the consequences of pleading guilty to the 924(c)(1) weapons count to Movant **before** January 24, 2013 (when Movant pleaded guilty to both counts), trial counsel would **not** have had [to] print out 18 U.S.C. § 924 from the Cornell Law School Legal Information Institute on April 2, 2013 to show Movant on April 3, 2013." *See id.*

However, the court does not agree that this conclusion is reasonable. The mere fact that counsel printed a copy of the statute before meeting with Boutte does not support Boutte's contention that counsel failed to review or discuss the elements of the statute with Boutte before the change of plea hearing. Nor does it support an inference that counsel was unfamiliar with the statute at earlier dates. Boutte's argument to the contrary is pure speculation.

Boutte also contends the Magistrate Judge should have accorded more weight to Boutte's statements that he was confused about the meaning of the word "consecutive" at the change of plea hearing; therefore, he did not understand the nature of the punishment associated with the firearm charge when he pled guilty. *See id.* at 1-2. However, Boutte's contention that he did not appreciate the meaning of "consecutive" is unsupported by the record. The trial court conducted a colloquy with Boutte at the change of plea hearing regarding the meaning of "consecutive" in the context of his sentence. *See* Crim. Dkt. 36 at 8. The court explained "consecutive" in laymen's terms, and Boutte unequivocally indicated he understood the penalty he faced. *See id.* In light of this record, the court agrees with the Magistrate Judge's finding that "Movant's own statements in

response to the Court's questioning at the change of plea hearing indicate that he understood his sentencing exposure on the firearm charge, including the requirement that the sentence be served consecutively," before he entered his guilty plea. Civ. Dkt. 7 at 5.

The court further observes that Boutte was not silent about other instances of confusion at the change of plea hearing. For example, he personally explained to the court that the Government's factual statement was incorrect with respect to the quantity of drugs for which Boutte was taking responsibility. *See* Crim. Dkt. 36 at 12. In light of Boutte's apparent willingness and ability to resolve confusion at the change of plea hearing by identifying the issue and requesting clarification from the court, his silence regarding the consecutive term of his sentence speaks volumes.

There is a heavy burden on a defendant who seeks to overcome an attestation of voluntariness in open court at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. McElhaney,* 469 F.3d 382, 385 (5th Cir. 2006) (citing *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984)). To overcome that burden, the defendant must show that his plea was "'so much the product of misunderstanding, duress, or misrepresentation by others as to make the plea a constitutionally inadequate basis for imprisonment.'" *Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Boutte has not carried this burden. His argument that he did not understand the meaning of "consecutive" is simply not borne out by the record.

To the extent Boutte argues the Magistrate Judge should have convened a hearing to develop facts related to Boutte's subjective understanding (*See* Civ. Dkt. 8 at 6, 10), his objection lacks merit. Boutte has presented no independent evidence indicating the likely merit of his allegations, thus an evidentiary hearing is not warranted. *See United States v. Cervantes,* 132 F.3d

1106, 1110 (5th Cir. 1998) ("If the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue. If, however, the defendant's showing is inconsistent with the bulk of her conduct or otherwise fails to meet her burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." (citation omitted)); *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing."); *United States v. Auten,* 632 F.2d 478, 480 (5th Cir. 1980) (denying an evidentiary hearing because the defendant pointed to no evidence, and the court found none, to support the defendant's allegations).

### B. THE COURT ADOPTS THE MAGISTRATE JUDGE'S CONCLUSION THAT BOUTTE FAILED TO SHOW INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Boutte objects to the Magistrate Judge's conclusion that he failed to show his trial counsel rendered ineffective assistance when advising Boutte of the consequences of pleading guilty to the firearm charge. *See* Civ. Dkt. 8 at 5-7. The Supreme Court has held:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson* [citation] and *McMann v. Richardson* [citation]. The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) (citations omitted). Boutte objects to the Magistrate Judge's conclusion that he failed to establish ineffective assistance under this standard on two grounds.

First, Boutte renews his assertion that counsel rendered deficient performance because he affirmatively misadvised Boutte that sentences on the drug trafficking and firearm charges would "run together" and not "back to back." *See* Civ. Dkt. 8 at 1; *see also* 1-3 at 5. Boutte suggests the Magistrate Judge should have conducted an evidentiary hearing to determine the precise nature of trial counsel's advice. *See* Civ. Dkt. 8 at 6, 10. However, the Magistrate Judge properly concluded that any deficiency in counsel's advice was cured by the advice furnished by the court regarding the consecutive nature of Boutte's sentence. Accordingly, the Magistrate Judge reasoned that Boutte could not demonstrate *Strickland* prejudice, even if counsel's performance was deficient. Because an evidentiary hearing on the nature of counsel's advice would only have produced facts related to the objective reasonableness of counsel's performance under the deficient performance prong of *Strickland*, the court is of the opinion that a hearing would have been unhelpful in this case.

Boutte also argues counsel's performance was deficient because counsel should have, but failed to, advise Boutte that a guilty plea to the firearm charge would necessarily result in the loss of the safety-valve reduction in his sentence pursuant to Amendment 782 of the Sentencing Guidelines. *See* Civ. Dkt. 8 at 7. Boutte contends he was prejudiced by counsel's omission because "but-for the [§] 924(c)(1) weapons count, Movant would have qualified for the safety-valve [reduction]" and received a shorter sentence. *Id.* This argument lacks merit.

When a person is convicted under 21 U.S.C. §§ 841, 844, 846, 960, or 963, he or she may be eligible for the "safety-valve" for drug offenses pursuant to 18 U.S.C. § 3553(f), which requires the court to impose a sentence under 28 U.S.C. § 994 "without regard to any statutory minimum sentence," if certain conditions are met. A defendant is eligible for the safety-valve reduction if the sentencing court finds:

    (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

    (2) the defendant did not use violence or credible threats of violence **or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense**;

    (3) the offense did not result in death or serious bodily injury to any person;

    (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

    (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphasis added).

    Boutte contends, "[t]here was **never** any evidence presented or even allegation that Movant used a weapon during the transaction in the restaurant parking lot in Plano. . . . Nor was there any evidence presented or even allegation that Movant possessed, showed, brandished, or used a weapon at any time during a drug transaction. He collected guns legally because he had a general interest in them and target shooting." Civ. Dkt. 8 at 6. However, the plain language of § 3553(f)(2) precludes safety-valve relief in any case in which the defendant possesses a firearm in connection with the offense, regardless of whether the firearm is showed, brandished, or otherwise used. Furthermore, the "offense" at issue in this case is the six year conspiracy charged in the Indictment. It is not temporally limited to the October 12, 2012, meeting between Boutte and the CD, as Boutte suggests in his Objections.

Boutte undisputedly possessed several firearms during at least some portion of the six year conspiracy charged in this case; indeed, five firearms were seized from Boutte's residence prior to the November 7, 2012, end date of the conspiracy. Furthermore, the weapons were seized at the same time and place as a large quantity of currency and approximately 3.4 grams of cocaine—additional evidence of the drug conspiracy. *See* Crim. Dkt. 33 at 4. Even without Boutte's admission regarding the firearm charge, the evidence of his possession of several firearms, significant amounts of currency, and cocaine, paired with Boutte's unchallenged admission that he participated in a six year conspiracy to possess and distribute cocaine, would have precluded safety-valve relief in this case.

Counsel cannot be faulted for failing to advise Boutte that entry of a guilty plea would forfeit a safety-valve reduction to which Boutte was never entitled. To the contrary, counsel would have been ineffective had such erroneous advice become the basis for Boutte's decision to forego a guilty plea. *See Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

### C. THE COURT ADOPTS THE MAGISTRATE JUDGE'S CONCLUSION THAT BOUTTE'S CLAIM FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782 IS PRECLUDED FROM COLLATERAL REVIEW

In his final objection, Boutte challenges the Magistrate Judge's conclusion that he is not entitled to relief pursuant to Amendment 782 of the Sentencing Guidelines. Boutte contends this ground for relief does not state a claim that the court misapplied the Sentencing Guidelines, as the Magistrate Judge indicated in her Report. *See* Civ. Dkt. 7 at 6; 8 at 9. Boutte clarifies that the relief requested under Amendment 782 is "in addition to" or "independent" from his voluntariness and ineffective assistance claims. *See* Civ. Dkt. 7 at 6; 8 at 9. However, the court finds it unreasonable to construe Boutte's Amendment 782 argument as anything other than a claim that the trial court misapplied the Sentencing Guidelines. The Magistrate Judge properly concluded that such a claim

is not cognizable in a § 2255 motion. *See United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999).

In light of the foregoing, it is **ORDERED** that Boutte's Motion to Vacate, Set Aside or Correct Sentence (Dkt. 1) is DENIED, and this case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 6th day of April, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE